**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

I.T-S.,                                     :
                                            :
            Petitioner,                     :
                                            :
v.                                          :         Case No. 4:25-cv-239-CDL-AGH
                                            :              28 U.S.C. § 2241
TERRANCE DICKERSON, *et al.*,               :
                                            :
            Respondents.                    :

_____

**REPORT AND RECOMMENDATION**

Pending before the Court is Respondents' motion to dismiss Petitioner's application for habeas relief (ECF Nos. 5, 1). For the reasons explained below, it is recommended that Respondents' motion to dismiss be granted.

**BACKGROUND**

Petitioner, a native and citizen of Mexico, initially entered the United States on June 30, 2001, and was processed for expedited removal. Knowles Decl. ¶¶ 3-5, Exs. A-C, ECF Nos. 5-1, 5-2, 5-3, 5-4. He was removed to Mexico that same day. *Id.* ¶ 6, Ex. F, ECF No. 5-7. Petitioner subsequently reentered the United States at an unknown time and place. *Id.* ¶ 7. Petitioner most recently came into United States Immigration and Customs Enforcement ("ICE") custody on June 10, 2025.[1] *Id.* ¶ 12. ICE processed Petitioner for reinstatement of his expedited removal order, but Petitioner claimed some form of relief that requires interview by United States

_____

[1] Petitioner entered custody on June 10, 2025, after receiving a time-served sentence for illegal reentry under 8 U.S.C. § 1326. He has other criminal convictions out of Cherokee County Georgia.

Citizenship and Immigration Services ("USCIS").  Knowles Decl. ¶ 12.  Respondents state that the only impediment to Petitioner's removal is an outstanding interview with USCIS.  *Id.* ¶¶ 12-13; Resp'ts' Mot. to Dismiss 8-9, ECF No. 5.

On July 21, 2025, Petitioner filed an application for habeas relief.  Pet. 1. Respondents moved to dismiss on August 11, 2025.  ECF No. 5.  Although Petitioner is represented by counsel, the Court filed an order directing Petitioner to respond to the motion to dismiss on August 11, 2025.  ECF No. 6.  Despite this order, Petitioner failed to respond.  Respondents' motion to dismiss is ripe for review.

## DISCUSSION

Respondents move to dismiss Petitioner's habeas application contending Petitioner's claim for relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), is premature.  Resp'ts' Mot. to Dismiss 5-7, ECF No. 5.  Alternatively, Respondents contend that if the Petition is not premature, Petitioner fails to establish he is entitled to release under *Zadvydas*.  *Id.* at 7-11.  The Court agrees and recommends that Petitioner's habeas application be dismissed.

## I.    Petitioner's habeas application is premature

Because Petitioner has a final order of removal, Petitioner's detention is governed by 8 U.S.C. § 1231(a).  Under § 1231(a), "when an alien is ordered removed," the Attorney General "shall" remove the alien within ninety days.  8 U.S.C. § 1231(a)(1)(A).  This removal period begins to run on, as relevant here, "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B)(iii).  Detention

during the ninety-day removal period is mandatory.  8 U.S.C. § 1231(a)(2).  The removal period shall be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).  Finally, inadmissible aliens, criminal aliens, and those who pose a risk to the community or of non-compliance with a removal order "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in [§ 1231(a)(3)]."  8 U.S.C. § 1231(a)(6).

Section 1231(a)(6) does not limit the length of post-final order detention.  In *Zadvydas*, however, the United States Supreme Court applied the doctrine of constitutional avoidance to "read an implicit limitation into the statute."  533 U.S. at 689.  The Supreme Court held that § 1231(a)(6) authorizes post-removal-order detention only for a period "reasonably necessary" to accomplish the alien's removal from the United States.  *Id.* at 699-700.  The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish such removal.  *Id.* at 701.  The Eleventh Circuit subsequently explained that to be entitled to release under *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (quotation marks omitted); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim

3

under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Respondents contend Petitioner's habeas application should be dismissed as premature because he has not shown post-removal detention in excess of six months as required by *Zadvydas*. Resp'ts' Mot. to Dismiss 5-7. Petitioner's removal period began on June 10, 2025, when he was taken into custody following his conviction for illegal reentry.[2] *Id.* at 6. Consequently, Petitioner's habeas application—which was filed on July 21, 2025—was filed during the 90-day removal period, during which detention is mandatory. Thus, Petitioner cannot make the showing required by *Akinwale* and *Zadvydas*, and his petition for habeas relief should be dismissed without prejudice as premature.

## II.    Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future

Alternatively, Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future. As explained above, to be entitled to relief under *Zadvydas* a petitioner must provide "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo*, 309 F. App'x at 346 (quotation marks omitted). Petitioner here provided no evidence to establish that he cannot be removed to Mexico. Instead, he merely states in his Petition that he "has neither been deported nor released from custody[.]" Pet.

---

[2] Petitioner failed to respond to the motion to dismiss. Consequently, the Court assumes June 10, 2025, is the appropriate date on which the removal period started under 8 U.S.C. § 1231(a)(1)(B)(iii).

¶ 4.  Petitioner thus fails to meet his burden of showing there is no significant likelihood of removal in the reasonably foreseeable future.  Further, despite being advised of his right to respond to the motion to dismiss, Petitioner failed to respond or otherwise present evidence in opposition to the motion to dismiss.  Thus, on the record before the Court, Petitioner fails to meet his burden of showing there is no significant likelihood of removal in the reasonably foreseeable future.

### CONCLUSION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (ECF No. 5) be granted and Petitioner's application for habeas relief (ECF No. 1) be dismissed without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 5th day of January, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE